**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| | **CIVIL ACTION NO:**<br>1:20-cv-00109-LEW |
| LOANCARE, LLC | |
| PLAINTIFF | |
| v. | |
| BRIAN ROSS, EASTERN AREA AGENCY ON AGING, MIDLAND FUNDING, LLC, LOVING TOUCH IN-HOME CARE, AND NORTHCENTER FOODSERVICE, LLC | |
| DEFENDANTS | |

**38-42 Pier Street, Bangor, Maine**
**Mortgage recorded in Penobscot County Registry of Deeds in Book 11165, Page 132**

## <u>FIRST AMENDED COMPLAINT FOR FORECLOSURE</u>

NOW COMES the Plaintiff, LoanCare, LLC, by and through its attorneys, Bendett & McHugh, P.C., and complains against the Defendants pursuant to 14 M.R.S. § 6321 <u>et seq.</u>, saying further as follows:

### <u>JURISDICTION AND VENUE</u>

1. This Court has diversity jurisdiction pursuant 28 U.S.C. § 1332 because the Plaintiff and Defendants are citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations

of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

3. LoanCare, LLC, ("Plaintiff") is a limited liability company incorporated in the State of Virginia, which has a principal place of business at 3637 Sentara Way, Suite 303, Virginia Beach, VA 23452.

4. Defendant Brian Ross ("Defendant Ross") is a resident of the City of Bangor, County of Penobscot, and State of Maine.

5. Defendant Eastern Area Agency on Aging is, upon information and belief, a nonprofit corporation incorporated in the State of Maine, with an address care of Dyan Walsh, 240 State Street, Brewer, ME 04412.

6. Defendant Midland Funding, LLC is, upon information and belief, a limited liability company incorporated in the State of Delaware, with an address care of Corporation Service Company, 45 Memorial Circle, Augusta, ME 04330.

7. Defendant Loving Touch In-Home Care is, upon information and belief, a corporation incorporated in the State of Maine, with an address care of David M. Austin, Eaton Peabody, P.O. Box 1210, Bangor, ME 04402.

8. Defendant Northcenter Foodservice, LLC is, upon information and belief, a limited liability company incorporated in the State of Delaware, with an address care of National Registered Agents, Inc., 128 State St. #3, Augusta, ME 04330.

## FACTS

9. Defendant Ross is the owner of certain real property located at 38-42 Pier Street, Bangor, Maine (the "Premises") by virtue of a deed from John R. Elliott and Marlene Elliott, dated January 29, 1993, and recorded in the Penobscot County Registry of Deeds on February 1, 1993 in Book 5261 at Page 123 and being more particularly described by the attached legal description. *See* Exhibit A.

10. On October 9, 2007, Defendant Ross executed and delivered to Countrywide Bank, FSB a certain promissory note in the original principal amount of $161,000.00 (the "Note"). *See* Exhibit B.

11. The Plaintiff is entitled to enforce the Note as it was endorsed to Countrywide Home Loans, Inc. and subsequently endorsed in blank.

12. Plaintiff certifies that the owner of the Note is Federal National Mortgage Association.

13. To secure said Note in the amount of $161,000.00, Defendant Ross executed and delivered a Mortgage in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Bank, FSB, dated October 9, 2007 and recorded in the Penobscot County Registry of Deeds in Book 11165 at Page 132 securing the property located at 38-42 Pier Street, Bangor, ME, 04401 (the "Mortgage). *See* Exhibit C.

14. Said Mortgage was assigned from Mortgage Electronic Registration Systems, Inc., as nominee for Countrywide Bank, FSB to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans Servicing, LP by an Assignment of Mortgage, dated April 21, 2011 and recorded on May 12, 2011 in Book 12471 at Page 275 in the Penobscot County Registry of Deeds. On April 27, 2009, Countrywide Bank, FSB merged with and into Bank of America, N.A. Said Mortgage was thereafter assigned from Bank of America,

N.A. to Everbank by an Assignment of Mortgage, dated July 11, 2013 and recorded on August 22, 2013 in Book 13302 at Page 311 in the Penobscot County Registry of Deeds. Said Mortgage was thereafter assigned from Everbank to Green Tree Servicing LLC by an Assignment of Mortgage, dated April 23, 2014 and recorded on June 2, 2014 in Book 13545 at Page 236 in the Penobscot County Registry of Deeds. Said Mortgage was thereafter assigned from Ditech Financial, LLC f/k/a Green Tree Servicing LLC to Federal National Mortgage Association by an Assignment of Mortgage, dated January 25, 2019 and recorded on March 15, 2019 in Book 15094 at Page 340 in the Penobscot County Registry of Deeds. Said Mortgage was subsequently assigned from Federal National Mortgage Association to Plaintiff by an Assignment of Mortgage, dated August 26, 2019 and recorded on September 27, 2019 in Book 15295 at Page 296 in the Penobscot County Registry of Deeds. *See* Exhibit D.

15. Plaintiff, directly or through its agent, is in possession of the original Note, the Mortgage, and any assignments.

16. Plaintiff is the party entitled to collect the debt evidenced by said Note, is the party entitled to enforce the Mortgage, and has the right to foreclose the Mortgage.

17. Eastern Area Agency on Aging claims or may claim an interest in the Premises by virtue of a Writ of Execution, in the amount of $17,314.01, dated November 18, 2010 and recorded in Book 12325 at Page 98 in the Penobscot County Registry of Deeds. *See* Exhibit E.

18. Midland Funding, LLC claims or may claim an interest in the Premises by virtue of a Writ of Execution, in the principal amount of $1,918.60, dated May 2, 2014 and recorded in Book 13545 at Page 71 in the Penobscot County Registry of Deeds. *See* Exhibit F.

19. Loving Touch In-Home Care claims or may claim an interest in the Premises by virtue of a Writ of Execution, in the principal amount of $18,273.00, dated May 2, 2019 and recorded in Book 15136 at Page 170 in the Penobscot County Registry of Deeds. *See* Exhibit G.

20. Northcenter Foodservice, LLC claims or may claim an interest in the Premises by virtue of a Writ of Execution, in the amount of $1,729.63, dated April 7, 2010 and recorded in Book 12111 at Page 177 in the Penobscot County Registry of Deeds. *See* Exhibit H.

21. Defendant Ross is presently in default of the Note, having failed to make the monthly payment due October 1, 2017, and having failed to make all payments due thereafter. As a result thereof, Defendant Ross has breached a condition of the Mortgage.

22. In compliance with the Note and Mortgage and/or 14 M.R.S.A. § 6111, on or about April 4, 2019, Plaintiff sent a Notice of Default to the mortgagor and any co-signor against whom the mortgagee is enforcing the obligation secured by the mortgage, by certified mail, return receipt requested and/or by regular mail, postage prepaid (herein after referred to as the "Demand Letter"). *See* Exhibit I.

23. The Defendant, Brian Ross, has failed to cure the default prior to the expiration of the Demand Letter. In accordance with the Note and the Mortgage, the Plaintiff has declared the entire principal amount outstanding, accrued interest thereon, and all other sums due under the Note and Mortgage to be presently due and payable.

24. The total unpaid principal balance owed under the Note and Mortgage as of April 19, 2019, is $148,123.19 plus interest, late charges, expenses, and reasonable attorney's fees and costs.

25. Plaintiff anticipates that additional disbursements will be made for attorneys' fees and other services rendered during the foreclosure and sale.

26. Upon information and belief, Defendant Ross is presently in possession of the subject property originally secured by the Mortgage.

## COUNT 1 – REFORMATION OF MORTGAGE

27. Plaintiff repeats and re-alleges paragraphs 1 through 26 as if fully set forth herein.

28. The subject Mortgage, described in the above paragraph 13, attaches a legal description purporting to described the encumbered Premises (hereinafter, the "Original Legal Description").

29. Upon information and belief, said description inadvertently misstates certain necessary information stating, "by Judith T. Dole by deed dated June 18, **1975**".

30. Upon information and belief, it was at all relevant times the intent of all parties for the Original Legal Description to read, "by Judith T. Dole by deed dated June 18, **1875**".

## COUNT 2 – FORECLOSURE

31. Plaintiff repeats and re-alleges paragraphs 1 through 30 as if fully set forth herein.

32. This is an action for foreclosure and title to real estate located at 38-42 Pier Street, Bangor, ME, 04401, County of Penobscot, and State of Maine. *See* Exhibit A.

33. Plaintiff is in physical possession of the original note and is the holder of the Note, which was endorsed in blank by the previous holder. As such, Plaintiff has the right to foreclosure upon the subject property.

34. Federal National Mortgage Association is the current owner of the Note.

35. Defendant Ross is presently in default on said Mortgage and Note, having failed to make the monthly payment due October 1, 2019, and having failed to make all payments thereafter. As a result, Defendant Ross has breached the condition of the Mortgage and Note.

36. The total unpaid principal balance owed under the Note and Mortgage as of April 19, 2019 is $148,123.19 plus interest, late charges, expenses, and reasonable attorney's fees and costs.

37. The record established through the Penobscot County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

38. By virtue of the Defendants' breach of condition, Plaintiff hereby demands a foreclosure on said real estate.

39. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendants, Brian Ross, on April 4, 2019, as evidenced by a United States Postal Service Certificate of Mailing. *See* Exhibit J.

40. Defendant Ross is not in the Military as evidenced by the attached Exhibit K.

**COUNT 3 – UNJUST ENRICHMENT**

41. Plaintiff repeats and re-alleges paragraphs 1 through 40 as if fully set forth herein.

42. Countrywide Bank, FSB, predecessor-in-interest to LoanCare, LLC, loaned Defendant Ross $161,000.00. *See* Exhibit B.

43. Defendant Ross has failed to repay the loan obligation pursuant to the terms of the Note and Mortgage.

44. As a result, Defendant Ross has been unjustly enriched to the detriment of the Plaintiff, LoanCare, LLC, as successor-in-interest to Countrywide Bank, FSB, by having received the benefits described above without repayment pursuant to the terms of the Note and Mortgage.

45. As such, Plaintiff is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff prays this Honorable Court:

a. Determine that the misstatements contained in the Original Legal Description were done so through inadvertent error;

b. Determine that due to such inadvertent error, the subject Mortgage is to be reformed to correct said errors, to strike out the reference of "by Judith T. Dole by deed dated June 18, 1975" and substitute therefore, "by Judith T. Dole by deed dated June 18, 1875";

c. Order that, upon the finding of such inadvertent error, the subject Mortgage be and thereby is reformed;

d. Find that the Defendants entered into a contract for a sum certain in exchange for a security interest in the subject property;

e. Determine that there has been a breach of condition of the Mortgage;

f. Find that Plaintiff is entitled to enforce the terms and conditions of the Note and Mortgage;

g. Determine the amounts due under the Note and secured by the Mortgage, including principal, interest, reasonable attorney's fees, court costs and other expenses;

h.  Find that the Defendant Ross is liable for any deficiency balance remaining due to Plaintiff after the sale of the mortgaged real estate and application of the proceeds of sale (this prayer is void for any Defendant that did not execute the Note or Guaranty and for any Defendant who has been granted discharge in bankruptcy);

i.  Issue a Judgment of Foreclosure and Sale in conformity with Title 14, M.R.S. § 6322;

j.  Order exclusive possession of the real estate to Plaintiff upon the expiration of the statutory ninety (90) day period of redemption and direct the clerk to issue a Writ of Possession at the request of Plaintiff;

k.  Find that by virtue of the Note and Mortgage, Defendant Ross has been unjustly enriched at the Plaintiff's expense; and

l.   Order such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,

LoanCare, LLC

By its Attorneys,
BENDETT & MCHUGH, P.C.


Dated: March 24, 2020                    By: /s/ Peter R. Andrinas
                                         Atty. Peter R. Andrinas, Bar No. 6227
                                         PAndrinas@bmpc-law.com

                                         /s/ Atty. Santo Longo, Bar No. 5192
                                         SLongo@bmpc-law.com

                                         /s/ Atty. Andrew J. Schaefer, Bar No. 5770
                                         ASchaefer@bmpc-law.com

                                         /s/ Atty. Ashley L. Janotta, Bar No. 5411
                                         AJanotta@bmpc-law.com

                                         /s/ Atty. Matthew Crouter, Bar No. 5909
                                         MCrouter@bmpc-law.com

                                         Attorneys for Plaintiff
                                         Bendett & McHugh, PC
                                         30 Danforth Street, Suite 104
                                         Portland ME, 04101
                                         (207)805-3346
                                         MEcourtmailings@bmpc-law.com