**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| LOANCARE, LLC<br><br>              PLAINTIFF<br><br>v.<br><br>BRIAN ROSS, EASTERN AREA AGENCY ON AGING, MIDLAND FUNDING, LLC, LOVING TOUCH IN-HOME CARE, AND NORTHCENTER FOODSERVICE, LLC<br><br>              DEFENDANTS | Case No. 1:20-cv-00109-LEW |

**JUDGMENT OF FORECLOSURE AND SALE;**
**<u>TITLE OF REAL ESTATE IS INVOLVED</u>**

**38-42 Pier Street, Bangor, State of Maine**
**<u>Penobscot County Registry of Deeds in Book 11165, Page 132</u>**

Pursuant to the agreement and consent of certain parties, pursuant to 14 M.R.S. § 2401(3), the Court finds as follows:

      1.      That the parties have received notice of the proceedings in this action, and that the notice was given in accordance with the applicable provisions of the Federal Rules of Civil Procedure.

      2.      That venue is properly laid in this Court.

      3.      That Plaintiff is entitled to judgment as a matter of law.

      4.      That Defendants are in breach of the terms of a certain promissory note held by the Plaintiff dated October 9, 2007, (the "Note"), with such breach constituting a default by the Defendants, and upon such default, proper notice of default was sent to the Defendants.

      5.      That the default of the Note caused a breach of the Mortgage.

      6.      That Plaintiff is the mortgagee of record of a mortgage securing the Note and recorded in the Penobscot County Registry of Deeds in Book 11165, Page 132 ("Mortgage"). The Mortgage encumbers real estate located at 38-42 Pier Street, Bangor, Penobscot County,

State of Maine ("Property").  The legal property description contained in the Mortgage is incorrect; the correct legal description of the Property is set forth in Plaintiff's First Amended Complaint and is incorporated herein by reference and attached hereto as Exhibit A.

7. That as of November 30, 2020 the following amounts are owed to Plaintiff, its successors and/or assigns, under the terms of the Note and Mortgage:

| | |
|---|---|
| a. Principal Balance | $148,123.19 |
| b. Accrued Interest | $25,243.38 |
| (plus interest at a per diem of $21.31) | |
| c. Accumulated Late Charges | $654.94 |
| d. Escrow Advances | $11,158.10 |
| e. Fees | $22.00 |
| f. Property Preservation/Repairs | $6,079.54 |
| g. Property Inspection Fees | $495.00 |
| h. BPO/Appraisals | $320.00 |
| i. Utilities | $99.31 |
| j. Attorneys' Fees | $5,120.00 |
| k. Attorney Costs | $686.00 |
| **TOTAL:** | **$198,001.46** |

Pursuant to 14 M.R.S. § 1602-C, the interest after judgment accrues at a rate of 7.53% per annum. Plaintiff, its successors and/or assigns, is entitled to add any post-judgment attorney's fees and disbursements in connection with the foreclosure.

Plaintiff, its successors and/or assigns, is entitled to add any additional amounts advanced by Plaintiff, its successors and/or assigns, regarding its mortgage security.

8. That the order of priorities and amount of the claims of the parties who have appeared in this action for distribution from the proceeds of sale, after payment of expenses of sale, in this case are as follows:

   a. Plaintiff, its successors and/or assigns, in the amount of $198,001.46, plus accrued interest from and including at the rate of 5.25% interest per annum $21.31 per day to the date of judgment plus interest after judgment at a rate of 7.53% interest plus further legal fees and expenses incurred by Plaintiff, its successors and/or assigns, as described in Paragraph 7 above, plus any amounts advanced by Plaintiff related to its mortgage security, including but not limited to insurance premiums and real estate taxes;

   b. Second, Eastern Area Agency on Aging in the amount of $13,764.34 as established in its Affidavit of Debt;

   c. Third, Loving Touch In-Home Care in the amount of $26,209.12 as established in its Affidavit of Debt dated April 22, 2020;

    d.  Midland Funding, LLC and Northcenter Foodservice LLC have failed to answer and have failed to submit an affidavit of debt and as a result will not receive any distribution from the proceeds of sale;

    e.  Defendant: Brian Ross any further surplus proceeds from sale.

9.    That the names and addresses (if known) of all parties to this action and their counsel of record are identified as follows:

> LoanCare, LLC
> c/o Bendett & McHugh, P.C.
> 30 Danforth Street, Suite 104
> Portland, ME 04101
>
> Brian Ross
> 56 Kincaid Road
> Hampden, ME 04444
>
> Midland Funding, LLC
> c/o Corporation Service Co.
> 45 Memorial Circle
> Augusta, ME 04330
>
> Northcenter Foodservice LLC
> c/o NRAI
> 128 State Street #3
> Augusta, ME 04330
>
> Eastern Area Agency on Aging
> Charles E. Gilbert, Esq.
> Gilbert & Greif, P.A.
> 82 Columbia Street
> PO box 2339
> Bangor, ME 04402
>
> Loving Touch In-Home Care
> Kady Huff, Esq.
> Eaton Peabody
> PO Box 1210
> 80 Exchange St, 8th Fl
> Bangor, ME 04402

10.    That the Plaintiff's claim for attorney fees is not integral to the relief sought; and

11. That Defendants have neither requested mediation, nor do the Federal Rules of Civil Procedure require mediation, and therefore 14 M.R.S. § 6321-A and M.R.Civ.P. 93 do not apply and mediation is considered waived.

12. That there is no just reason for delay in the entry of final judgment for Plaintiff on all claims, except for the claim for Attorney's fees and disbursements and additional amounts advanced by Plaintiff related to its mortgage security incurred by Plaintiff after the date of this Judgment, for the following reasons:

   a. If judgment is granted but not entered as final, the time periods set forth in 14 M.R.S. §§ 6322 and 6323 will commence even though the judgment is subject to later revision;

   b. The Plaintiff and any bidders at the foreclosure sale would be exposed to some risk in proceeding to a sale if judgment is not final and remains subject to revision; and

   c. Any dispute regarding post-judgment Attorney's fees and disbursements or additional amounts advanced by Plaintiff related to its mortgage security may be resolved by the Defendants filing a motion contesting Plaintiff's Report of Public Sale as provided in 14 M.R.S. § 6324.

**WHEREFORE**, it is hereby Ordered and Decreed:

A. That the legal description contained within the Mortgage and Vesting Deed to Brian Ross (dated January 29, 1993 and recorded in the Penobscot County Registry of Deeds on February 1, 1993 in Book 5261 at Page 123) inadvertently misstate certain necessary information stating "by Judith T. Dole by deed dated June 18, **1975**"; that it was the intent of all parties for the legal description in the Mortgage and Vesting Deed to read "by Judith T. Dole by deed dated June 18, **1875**"; that the incorrect references contained within the legal descriptions were inadvertent error; and that the Mortgage and Vesting Deed are hereby reformed to include only the legal property description included herein as Exhibit A;

B. That Counts I and II of the Amended Complaint are GRANTED, and if Defendant, his heirs and assigns, do not pay the Plaintiff the amounts adjudged to be due to Plaintiff as set forth in Paragraph 8(a) above within ninety (90) days from the date of entry of this Order, Plaintiff (through its agents or attorneys) shall proceed with a sale of the Property described in the Mortgage, pursuant to 14 M.R.S. §§ 6321-6324, free and clear of all liens, except liens senior to Plaintiff's Mortgage, and shall pay the proceeds of sale, after satisfying expenses of sale, in the amounts, manner, and priority set forth in Paragraph 8 above;

C. That the Clerk is hereby directed to enter this Order and Judgment of Foreclosure and Sale as a final judgment pursuant to F. R. Civ. P. 54(b), except as to any additional post-

      judgment Attorney's fees and disbursements or additional amounts advanced by Plaintiff related to its mortgage security;

D. That if Defendant fails to redeem by paying the above amounts adjudged to be due on or before ninety (90) days from the date of entry of this Order, or within such additional time as Plaintiff, its successors and/or assigns, may in its sole discretion allow, or if Defendant abandons the Property, Plaintiff, its successors and/or assigns, shall then be entitled, at its option, to take exclusive possession of the Property described in Plaintiff's, its successors and/or assigns, Mortgage, and Clerk shall issue a Writ of Possession, at the request of Plaintiff, its successors and/or assigns;

E. That Plaintiff, its successors and/or assigns, is entitled, at its option, to have a receiver appointed to collect the rents of the Property pursuant to the Mortgage;

F. That <u>no execution</u> shall issue against Defendant for any deficiency;

G. That Plaintiff, its successors and/or assigns, shall specify Attorney's fees and disbursements incurred after the date of Attorney's Fees and Disbursements Affidavit in its Report of Public Sale, which shall then constitute a timely application for an award of additional attorneys' disbursements, notwithstanding Local Rule 54.2; Defendant(s) may contest the Report and application for additional Attorney's fees and disbursements by filing a motion pursuant to 14 M.R.S. §6324;

H. That once the applicable appeal period has expired as determined under F. R. Civ. P. 58 and F. R. App. P. 3, Plaintiff shall prepare and the Clerk shall execute an appropriate certification either that no action was taken or that an appeal was filed, and Plaintiff shall then record the said certification and a copy of this Judgment in the York County Registry of Deeds and pay the recording fees therefore, in compliance with 14 M.R.S. § 2401(3), such fees and costs so incurred by Plaintiff to be added to and become part of the mortgage indebtedness secured by the Mortgage.

Dated this 2nd day of April, 2021.

                                                            /s/ Lance E. Walker  
                                                    UNITED STATES DISTRICT

SEEN AND AGREED:

/s/<u>Ashley L. Janotta, Esq., Bar No. 5411</u>                    Dated: December 11, 2020  
Ashley L. Janotta, Esq., Bar No. 5411  
ajanotta@bmpc-law.com  
Attorney for Plaintiff

| | |
|---|---|
| /s/_____<br>Brian Ross<br>Defendant | Dated:_____ |
| /s/Charles E. Gilbert, III, Esq.<br>Charles E. Gilbert, III, Esq., Bar No. 395<br>ceg@yourlawpartner.com<br>Attorney for Eastern Area Agency on Aging | Dated: April 1, 2021 |
| /s/Seth E. Libby, Esq.<br>Seth E. Libby, Esq., Bar No. 5866<br>sel@yourlawpartner.com<br>Attorney for Eastern Area Agency on Aging | Dated: April 1, 2021 |
| /s/Kady Huff, Esq.<br>Kady Huff, Esq., Bar No. 5406<br>khuff@eatonpeabody.com<br>Attorney for Loving Touch In-Home Care | Dated: March 8, 2021 |